UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AZUJHON KENNETH SIMS, ) | |
| ) | |
| Petitioner, ) | 3:11-cv-00512-ECR-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JACK PALMER, *et al.,* ) | |
| ) | |
| Respondents. ) | |

Petitioner, a Nevada state prisoner, has filed an application to proceed *in forma pauperis* (docket #1), two documents styled as *pro se* petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket #s 1-2, 1-3), and numerous exhibits. Petitioner's application to proceed *in forma pauperis* (docket #1) is granted. However, pursuant to the Rules Governing Habeas Cases, Rule 4, the court has reviewed the petition and finds that it must be denied for failure to state a claim for which relief may be granted.

The petition is a handwritten document not on the court-approved form. Petitioner refers to himself as "the Secured Party ('SP')" or "authorized representative/attorney-in-fact in behalf of the ENS-LEGIS petitioner . . . also appearing as the authorized representative for Clark County, Nevada

District Attorney David Roger . . . District Judge Douglas E. Smith . . . [and] the Attorney General of the State of Nevada." He seeks redress for "arbitrary impairment of contract obligations by the state" when the state "prejudiciously declared that the secured party" could not serve as the authorized representative for either the district attorney or the judge. Ground 4 states that petitioner's rights under the Uniform Commercial Code have been violated. While he does at times reference his allegedly illegal sentence, this court can discern no factual allegations that would form the basis for a habeas petition. Accordingly, this petition must be denied for failure to state a claim for which relief may be granted.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir.2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this petitioner's application to proceed *in forma pauperis* (docket #1) is **GRANTED**.

1    **IT IS FURTHER ORDERED** that the Clerk shall **DETACH** and **FILE** petition for a extra-ordinary writ of habeas corpus (docket #1-2) and petition for a writ of habeas corpus ad-testificandum (docket #1-3).

**IT IS FURTHER ORDERED** that both petitions are **DENIED.** No certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** and to close this case.

DATED this 26th day of July 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE